NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GERALD ANUDOKEM,<br><br>    Plaintiff,<br>  v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., E\*TRADE BANK, AMERICAN BROKERS CONDUIT, NATIONAL CITY MORTGAGE A DIVISION OF NATIONAL CITY BANK OF INDIANA, T.D. SERVICE COMPANY, AHMSI DEFAULT SERVICES, MORTGAGE ELECTRONIC RECORDING SYSTEM, INC., CALIFORNIA HOME LOANS, TERRY W., DAVIS, PETER RUA and DOES 1-20 inclusive,<br><br>    Defendants.<br>_____/ | No. C09-01660 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING PART DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE**<br><br>**[Re:   Docket Nos. 21, 22]** |

Plaintiff sues for alleged statutory and common law violations in connection with two loans refinancing his home mortgage. Pursuant to Fed. R. Civ. P. 12(b)(6), defendants E*Trade Bank ("E*Trade") and National City Bank ("NCB") move to dismiss the First Amended Complaint ("FAC"), or alternatively, for a more definite statement under Fed. R. Civ. P. 12(e). They also move under Fed. R. Civ. P. 12(f) to strike plaintiff's claims for attorney's fees, as well as punitive and exemplary damages.[1] Plaintiff opposes the motion. All parties who have

---

[1] Although defendant T.D. Service Company purports to join in NCB's and E*Trade's motions, it previously filed an answer to the FAC. (Docket No. 20). Accordingly, the purported joinder is untimely. See Fed. R. Civ. P. 12(b) ("A motion [to

appeared in this matter have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. See 28 U.S.C. § 636(c); FED. R. CIV. P. 73. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court issue the following order.[2]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Documents which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See Balistreri, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Morever, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); see also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to

---

dismiss] must be made before pleading if a responsive pleading is allowed.").

[2] Defendants belatedly filed their reply brief. Although it has accepted and considered the papers, the court does not condone their failure to comply with the Civil Local Rules and warns defendants against future non-compliance.

2

dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id.

**DISCUSSION**

**A.    Defendants' Motion to Dismiss**

   **1.    TILA Rescission**

Defendants moved to dismiss plaintiff's TILA rescission claim on the ground that it is untimely. However, at the motion hearing, defendants agreed that, by virtue of the filing of the instant lawsuit on April 15, 2009, plaintiff timely requested rescission within the three-year statute of limitations. They further agreed that the filing of the instant action is effective notice of rescission. Accordingly, as to this issue, their motion is denied.

   **2.    TILA Damages**

Defendants nonetheless maintain that plaintiff's damages claim is time-barred. Claims for damages under TILA are barred by a one-year statute of limitations, which begins to run "from the date of consummation of the transaction." See King v. California, 784 F.2d 910, 915 (9th Cir.1986); see also 15 U.S.C. § 1640(e). In the instant case, plaintiff's TILA claims arose, at the latest, at the closing of the loan transactions on April 21, 2006. (FAC ¶ 32). He did not file the instant action until April 15, 2009, nearly two years after the limitations period expired. Nevertheless, "equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915. A motion to dismiss on statute of limitations grounds should be granted only when the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the limitations period was tolled. See Plascencia v. Lending 1st Mortgage, 583 F. Supp.2d 1090, 1097 (N.D. Cal. 2008). Here, plaintiff essentially alleges his ignorance of the law and defendants' failure to make required disclosures. Such allegations, standing alone, have been held insufficient to plausibly state a basis for tolling. See, e.g., Valdez v. America's Wholesale

3

Lender, No. C09-02778JF, 2009 WL 5114305 *6 (N.D. Cal., Dec. 18, 2009) ("If the Court were to accept the FAC's allegations of ignorance of the law until informed by counsel as sufficient for a pleading of equitable tolling, every plaintiff could assert the same allegation, and TILA's statute of limitations provision would have no meaning."). Nonetheless, based upon the FAC's additional allegations that plaintiff (a) "is a native of Africa who's English language skills are limited and who has almost no technical understanding of the English language," (b) had no translator at any time during the transactions in question, and that (c) discovered the alleged misconduct within the past year (FAC ¶¶ 25, 50), the court finds that plaintiff should be permitted an opportunity to prove that the limitations period was tolled. Accordingly, dismissal of plaintiff's TILA damages claim as time-barred is inappropriate at this juncture. Defendants' motion is denied.

### 3. RESPA

The FAC alleges that defendants violated RESPA "by failing to correctly and accurately comply with disclosure requirements" at closing. (FAC ¶ 77). It further alleges that defendants violated RESPA section 2605 by failing and refusing to provide a response to his Qualified Written Request ("QWR") sent on April 29, 2009 to defendants American Home Mortgage Servicing, Inc. and E*Trade. (FAC ¶¶ 34, 78).

The motion to dismiss this claim is granted. The FAC alleges that the loan officer, defendant Rua, failed to make certain disclosures. But it otherwise does not distinguish between defendants, or say what disclosures other defendants failed to make. Nor does it identify which defendants were obliged, but failed, to make them. See Bell Atlantic Corp., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

As for the alleged violation of RESPA § 2605, that statute sets out the manner in which a "loan servicer" is obliged to respond to a borrower's "qualified written request." See 12

U.S.C. § 2605(e)(2). With certain exceptions not applicable here,[3] the statute defines a "servicer" as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). Here, plaintiff has not alleged which defendant is a loan servicer subject to the requirements of RESPA section 2605. He only alleges that he does not know which of the defendants are the loan servicers because defendants failed to advise as to the roles and identities of the various entities that handled his loans at any given time. (See FAC ¶ 76). The FAC then alleges, in conclusory fashion, that this claim is made as to all defendants generally because of "the conspiratorial nature" of the alleged misconduct. However, "neither [defendants] nor the court is required to guess as to the manner in which [defendants'] conduct allegedly violated RESPA." Izenberg v. ETS Services, LLC, 589 F. Supp.2d 1193, 1199-1200 (C.D. Cal. 2008) Without facts alleging that E*Trade is a servicer for the purposes of RESPA section 2605, this claim must be dismissed. See, e.g., Lingad v. Indymac Federal Bank, — F.Supp.2d —, 2010 WL 347994 *7 (E.D. Cal., Jan. 29, 2010).[4]

### 4. State Law Claims

As for plaintiff's asserted state law claims:

The motion to dismiss Claim 2 (Violation of the California Rosenthal Fair Debt Collection Practices Act) is granted. The FAC merely asserts legal conclusions, pleads no discernable facts to support such a claim, and does not identify which provisions of the statute that each defendant allegedly violated. Moreover, "foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the RFDCPA." Rosal v. First

---

[3] RESPA provides that, in certain situations, the term "servicer" does not include the following entities: Federal Deposit Insurance Corporation, the Resolution Trust Corporation, Government National Mortgage Association, Federal National Mortgage Association, and Federal Home Loan Mortgage Corporation. 12 U.S.C. § 2605(i)(2)(A)-(B).

[4] In his opposition papers, plaintiff says that he does not know whether the moving defendants violated RESPA by receiving "kickbacks" or referral fees disproportionate to the work performed. Suffice to say that RESPA section 2605 is the only statute specified in the FAC. The court declines to address allegations or claims that have not been pled.

5

Federal Bank of California, — F. Supp.2d —, 2009 WL 2136777 at *18 (N.D. Cal., July 15, 2009) (citing Izenberg, 589 F. Supp.2d at 1199).

The motion to dismiss Claim 3 (Negligence) and Claim 5 (Breach of Fiduciary Duty) is granted. These claims essentially allege that defendants breached a duty of care to plaintiff. However, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App.3d 1089, 1095, 283 Cal. Rptr. 53 (1991). The FAC does not allege sufficient facts that would support the existence of a fiduciary duty by the moving defendants in this case.

The motion to dismiss Claim 6 (Fraud) is granted. A "party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Allegations under Fed. R. Civ. P. 9(b) must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). "'To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" Id. (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)). The FAC alleges that the loan officer intentionally misrepresented the terms of the loan and inflated plaintiff's income on the loan application. (See FAC ¶¶ 26-29). Then, without distinguishing between defendants, the FAC goes on to allege in conclusory fashion that all defendants knew or should have known about the fraud and engaged in deceptive and fraudulent conduct by failing to provide proper disclosures and to take plaintiff's ability to repay the loan into account. The court finds that the elements of fraud are not sufficiently alleged. Bell Atlantic Corp., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

The motion to dismiss Claim 8 (Breach of Contract) is granted. The FAC does not allege sufficient facts establishing the existence of contract, much less plaintiff's performance or defendants' breach.

The motion to dismiss Claim 9 (Breach of Implied Covenant of Good Faith and Fair Dealing) is granted. This claim is essentially another version of plaintiff's allegation that defendants owed him a duty of care. As discussed above, the court does not find that the FAC alleges any facts that would support the existence of such a duty. Nymark, 231 Cal. App.3d at 1095, 283 Cal. Rptr. 53.

With respect to Claim 10 (Wrongful Foreclosure), plaintiff agrees that this claim should be dismissed, so long as the dismissal is without prejudice. Accordingly, Claim 10 is dismissed without prejudice.

With respect to Claim 7 (Violations of Cal. Bus. & Prof. Code § 17200), California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." CAL. CIV. CODE § 17200. "'Violation of almost any federal, state, or local law may serve as the basis for a[n] unfair competition claim.'" Brewer v. Indymac Bank, 609 F. Supp.2d 1104, 1122 (E.D. Cal. 2009) (quoting Plascencia v. Lending 1st Mortgage, 583 F. Supp.2d 1090, 1098 (N.D. Cal. 2008)). "A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct." Id. However, facts supporting the statutory elements of the alleged violation must be stated with reasonable particularity. See Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F.Supp. 1303, 1316 (N.D.Cal.1997). Inasmuch as plaintiffs' TILA claim has not been dismissed, defendants' motion to dismiss the § 17200 claim is denied as to NCB. Brewer, 609 F. Supp.2d at 1122. However, because the underlying "hooks" as to E*Trade have been dismissed, plaintiffs' § 17200 claim as to E*Trade is also dismissed.

**B.      Defendants' Motion to Strike**

Pursuant to Fed. R. Civ. P. 12(f), defendants move to strike plaintiff's request for punitive and exemplary damages and attorney's fees. The court, on a noticed motion or on its

7

own motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Under TILA, a prevailing plaintiff may recover attorney's fees and costs. 15 U.S.C. § 1640(a). Inasmuch as plaintiff's TILA claims have not been dismissed, defendants' motion to strike plaintiff's request for fees under that statute is denied. Given the dismissal of plaintiff's RESPA and state law claims, defendants' motion to strike the requests for punitive damages or attorney's fees with respect to those claims is deemed moot.

## ORDER

Based on the foregoing, defendants' motion to dismiss is granted in part and denied in part. The court does not reach defendants' alternate motion for a more definite statement under Fed. R. Civ. P. 12(e). Plaintiff has until **February 23, 2010** to file an amended pleading, consistent with this order and in compliance with Fed. R. Civ. P. 11, to address the deficiencies described above.

The initial case management conference is **re-set for April 20, 2010, 1:30 p.m.** An updated joint case management statement shall be filed no later than **April 13, 2010**.

SO ORDERED.

Dated: February 9, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:09-cv-01660 Notice will be electronically mailed to:

2  Brian H. Gunn     tlbeardsley@wolfewyman.com

3  Bruce William Dannemeyer     bruce@dreyfusslaw.com, roma@dreyfusslaw.com

4  Jonathan G Stein     jonathan@jonathangstein.com

5  Margaret Mary Broussard     pegthelawyer@aol.com

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.